UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-23740-GAYLES
MAGISTRATE JUDGE REID

DONALD BELL, JR.,

    Plaintiff,

v.

OFFICER CHARLES, et al.,

    Defendants.

_____/

## **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

### **I. Introduction**

This matter is before the Court on Plaintiff's *pro se* Complaint, filed pursuant to 42 U.S.C. § 1983. [ECF No. 1]. This cause has been referred to the Undersigned for ruling on all pre-trial, non-dispositive matters and for Report and Recommendation on any dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF No. 3].

Plaintiff, **Donald Bell, Jr.**, is a pretrial detainee currently incarcerated at Miami-Dade County Pretrial Detention Center. Because Plaintiff is a prisoner and proceeding *in forma pauperis* [*See* ECF No. 5], his Complaint must be screened pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A. *See Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007), *cert. denied*, 552 U.S. 994 (2007).

In the Complaint, Plaintiff alleges that his constitutional rights were violated when he was allegedly sprayed in the face with mace without cause, resulting in unnecessary pain and suffering. [ECF No. 1 at 5-6].

Upon thorough review, as further discussed below, the Undersigned **RECOMMENDS** that Plaintiff's Complaint [ECF No. 1] should **PROCEED** against Officer Charles as to Claim 1 only, and that Plaintiff's claims against Metro West Detention Center and Miami-Dade Corrections and Rehabilitation Department be **DISMISSED**.[1]

## II. Plaintiff's Allegations

Plaintiff directs the allegations of his Amended Complaint to three Defendants: (1) **Officer Charles**, in his individual capacity, who is employed at Metro West Detention Center; (2) **Metro West Detention Center** ("MWDC"); and (3) **Miami-Dade Corrections and Rehabilitation Department** ("MDCRD"), in its official capacity. [ECF No. 1 at 2-3]. In the Complaint, Plaintiff raises three claims upon which he seeks relief: (Claim 1) cruel and unusual punishment by excessive use of force; (Claim 2) "harassment;" and (Claim 3) "liability." [*Id*. at 4-7].

To briefly summarize, Plaintiff alleges that on April 16, 2019, when housed at MWDC, Officer Charles sprayed Plaintiff in the face with mace in an unprovoked attack, causing unnecessary pain and suffering. [*Id*. at 6]. Plaintiff further alleges that the following day Officer Charles harassed him in his cell and threatened to spray him again, and prison officials failed to institute a "stay away order" between Plaintiff and Officer Charles. [*Id*.].

Plaintiff seeks $500,000 in compensation from all Defendants for Officer Charles's alleged excessive use of force, for allowing Officer Charles to be placed in Plaintiff's new unit and threatening to spray Plaintiff again, and for the "liability" claim. [*Id*. at 8].

---

[1] Plaintiff filed a nearly identical § 1983 action in 19-CV-23644-UNGARO. That case was dismissed without prejudice for failure to prosecute after Plaintiff failed to respond to Defendant Charles's motion to dismiss. [19-CV-23644-UU, ECF No. 33]. In his present Complaint, Plaintiff claims that he was unable to comply with the Court's Order to respond to the motion to dismiss because of an issue with his mail. [ECF No. 1 at 12]. Because that case was dismissed without prejudice, Plaintiff can proceed with this nearly identical action once again.

**III. Discussion**

A. <u>Standard of Review</u>

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *See Griffin v. City of Opa Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Under both 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A, a complaint must be dismissed if the Court determines that the complaint fails to state a claim upon which relief can be granted. *See Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). When reviewing the complaint, the court takes the allegations made as true. *See Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

The same standard is used for dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and § 1915(e)(2)(B)(ii). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, the Court may dismiss a complaint that fails "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To "avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright*, 740 F. App'x at 694 (citing *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (*per curiam*)).

Although a *pro se* pleading is liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*), it still must "suggest that there is some factual support for a claim." *Wright*, 740 F. App'x at 694. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, at 550 U.S. at 555.).

Finally, under section 1915(e)(2)(B)(ii), courts must dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

B.   Plaintiff's Claims Against MWDC and MDCRD

Plaintiff names both Metro West Detention Center and Miami-Dade Corrections and Rehabilitation as Defendants (collectively the "Municipal Defendants"). However, Plaintiff is in effect simply suing the municipality of Miami-Dade County itself because MDCRD is a departmental agency of Miami-Dade County and because MWDC is a part of MDCRD, that is also operated by Miami-Dade County.

To the extent that Plaintiff seeks to bring a claim against the Municipal Defendants based on Officer Charles' actions, "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Municipalities can be sued under § 1983 only where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 690.

To impose § 1983 liability on the Municipal Defendants, Plaintiff must show: (1) that his constitutional rights were violated; (2) that the entity had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation. *See City of Canton v. Harris*, 489 U.S. 378, 388 (1989). In addition, a plaintiff "must identify those officials who speak with final policymaking authority for that local governmental entity concerning the act alleged to have caused the particular constitutional violation in issue." *Grech v. Clayton Cnty.*, 335 F.3d 1326, 1329 (11th Cir. 2003).

Here, Plaintiff theories simply rely upon *respondeat superior* to impose liability on the Municipal Defendants. For example, Plaintiff states that the Municipal Defendants "placed [him] in harm['s] way" by "not having the proper trained official in charge" to protect him from Officer Charles. [ECF No. 1 at 7]. He does not allege that either entity had a custom or policy that constituted deliberate indifference to his constitutional rights. Accordingly, Plaintiff's claims against the Municipal Defendants should be dismissed. *See Monell*, 436 U.S. at 691.

C.   Cruel and Unusual Punishment: Excessive Use of Force

The Eleventh Circuit has long acknowledged that "[c]laims involving the mistreatment of . . . pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to convicted prisoners." *Bozeman v. Orum*, 422 F.3d 1265, 1271 (11th Cir. 2005) (quotation and citation omitted).

Plaintiff is a pretrial detainee, so Fourteenth Amendment standards apply to his allegations. Both Amendments prohibit the use of excessive force, however to the extent that Plaintiff is a pretrial detainee, "pretrial detainees (unlike convicted prisoners) cannot be punished at all," thus intent regarding the punitive nature of the force is more relevant in cases involving pretrial detainees. *Kingsley v. Hendrickson*, 576 U.S. ___, ___, 135 S. Ct. 2466, 2475 (2015) (quotations and internal citations omitted). However, in the absence of an intent to punish, a pretrial detainee can nevertheless prevail by showing that the use of force is not "rationally related to a legitimate nonpunitive governmental purpose" or that the actions "appear excessive in relation to that purpose." *Bell v. Wolfish*, 441 U.S. 520, 561 (1979).

The excessive force inquiry for pretrial detainees includes two separate state-of-mind questions: (1) "the defendant's state of mind with respect to his physical acts – i.e., his state of

5

mind with respect to the bringing about of certain physical consequences in the world" and (2) "the defendant's state of mind with respect to whether his use of force was 'excessive.'" *Kingsley*, 576 U.S. at \_\_\_, 135 S. Ct. at 2472.

To establish a claim for excessive force based on a prison official's use of force, the prisoner must show that the official applied the force maliciously and sadistically to cause harm rather than in a good-faith effort to maintain or restore discipline. *See Hudson v. McMillian*, 503 U.S. 1, 6 (1992). Courts consider the following non-exhaustive list of factors to determine whether a prison official's use of force on an inmate is malicious and sadistic: (1) the need for application of force; (2) the relationship between that need and the amount of force used; (3) the threat reasonably perceived by the responsible officials; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the inmate's injury, if any. *See id*. at 7 (citing *Whitley v. Albers*, 475 U.S. 312, 321 (1986)).

In the Complaint, Plaintiff alleges that on April 16, 2019, Plaintiff asked Officer Charles to be removed from his unit and moved to another unit. [ECF No. 1 at 6]. Plaintiff alleges that after speaking with Officer Charles, he gathered his belongings and sat in a chair by the officer desk to eat his dinner and wait for Officer Charles. [*Id*.]. Plaintiff alleges that the door then opened, and Officer Charles gestured for Plaintiff to enter, however, Plaintiff stopped because he noticed a can of mace in Officer Charles's hand. [*Id*.]. Officer Charles stated that he was not going to spray anyone, so Plaintiff continued to walk. [*Id*.]. As Plaintiff was exiting the unit with his dinner tray in one hand and his bag in the other, Plaintiff alleges that Officer Charles "sprayed [Plaintiff] inches from [his] face" causing Plaintiff to temporarily lose his sight, causing his skin to feel like it was burning, and causing him to lose his breath. [*Id*.]. Plaintiff alleges that the incident was

captured on video, and that the video would show that Plaintiff was not a threat to anyone at the time of the incident. [*Id.*].

Taking Plaintiff's allegations as true, *see Hughes*, 350 F.3d at 1159-60, the allegations support a plausible inference that Officer Charles applied force maliciously and sadistically for the very purpose of harming him. In essence, Plaintiff alleges that the Officer Charles sprayed mace in Plaintiff's face in an unprovoked attack where Plaintiff was following Officer Charles's orders. Further, Plaintiff alleges that the mace attack actions temporarily blinded him, caused his skin to feel like it was burning, and caused him to lose his breath. Accordingly, Plaintiff has pleaded a facially plausible excessive force claim against Officer Charles and this claim should proceed.

D.    Harassment and Liability

Plaintiff's remaining claims are for "harassment" and "liability." [ECF No. 1 at 6-7]. In these claims, Plaintiff alleges that his constitutional rights were violated when the Municipal Defendants failed to enter a "stay away order" to keep Officer Charles away from him after the alleged incident. [*Id.*]. Plaintiff alleges that as a result, Officer Charles entered Plaintiff's new cell and threatened to spray Plaintiff the next day. [*Id.*]. Plaintiff then yelled for help and a corporal working the floor removed him from the unit until Officer Charles was removed. [*Id*. at 6].

As stated before, to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *See Griffin*, 261 F.3d at 1303. Here, Plaintiff's harassment and liability claims fail to state a claim upon which relief can be granted because he identifies no federal right that was violated. Plaintiff's claims are just barebones and conclusory allegations. [ECF No. 1 at 6-7]. As such, his claims for "harassment" and "liability" should be dismissed for failure to state a claim upon which relief can be granted.

E.    Conclusion

7

Plaintiff's Complaint succeeds in stating a *prima facie* claim against Officer Charles for violating Plaintiff's right to be free from cruel and unusual punishment, when Officer Charles allegedly sprayed mace in Plaintiff's face without cause. However, Plaintiff fails to state a claim against Officer Charles for "harassment" and "liability" and those claims should be dismissed. Further, Plaintiff's allegations against MWDC and MDCRD should be dismissed because a municipality cannot be held liable in this case on a *respondeat superior* theory, and Plaintiff otherwise fails to identify a custom or policy that constituted a deliberate indifference to his constitutional rights.

## IV.   Recommendations

Based on the above, it is **RECOMMENDED** that Plaintiff's Complaint [ECF No. 1] should **PROCEED** against Officer Charles as to Claim 1 only and should be **DISMISSED** against Officer Charles as to Claim 2 and Claim 3. It is further **RECOMMENDED** that all claims against Metro West Detention Center and Miami-Dade Corrections and Rehabilitation Department be **DISMISSED**.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to do so will bar a *de novo* determination by the District Judge of anything in the Report and Recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

**SIGNED** this 21st day of October, 2020.

UNITED STATES MAGISTRATE JUDGE

9

cc:     **Donald Bell Jr.**
        200135199
        Miami-Dade County-PDC
        Pretrial Detention Center
        Inmate Mail/Parcels
        1321 NW 13th Street
        Miami, FL 33125
        *PRO SE*

Case 1:20-cv-23740-DPG   Document 8   Entered on FLSD Docket 10/21/2020   Page 9 of 9